United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Diane Watson  
    Debtor

Case No. 15-12319-sr  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Stacey     Page 1 of 1     Date Rcvd: Nov 16, 2016  
                  Form ID: pdf900     Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 18, 2016.
```
db             +Diane Watson,    444 Edgemore Road,    Philadelphia, PA 19151-4017
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Nov 17 2016 02:11:17      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 17 2016 02:10:08
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 17 2016 02:10:58      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
cr              E-mail/PDF: gecsedi@recoverycorp.com Nov 17 2016 02:07:13      Synchrony Bank,
                 c/o Recovery Management Systems Corporat,    25 SE 2nd Avenue, Suite 1120,
                 Miami, FL  33131-1605
                                                                                              TOTAL: 4

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 18, 2016                                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 16, 2016 at the address(es) listed below:
```
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              JASON BRETT SCHWARTZ    on behalf of Creditor    Philadelphia Federal Credit Union
               jschwartz@mesterschwartz.com, jottinger@mesterschwartz.com
              JOHN L. MCCLAIN    on behalf of Debtor Diane  Watson aaamcclain@aol.com, edpabankcourt@aol.com
              JOHN L. MCCLAIN    on behalf of Plaintiff Diane  Watson aaamcclain@aol.com, edpabankcourt@aol.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    PNC Bank, National Association
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              VIRGINIA R. POWEL    on behalf of Defendant    U.S. Department of Housing and Urban Development
               virginia.powel@usdoj.gov, mardella.suarez@usdoj.gov
                                                                                              TOTAL: 8
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Diane Watson <br>                     Debtor <br><br> PNC Bank, National Association <br>                     Movant <br>     vs. <br><br> Diane Watson <br>                     Debtor <br><br> Frederick L. Reigle Esq. <br>                     Trustee | CHAPTER 13 <br><br><br> NO. 15-12319 SR <br><br><br><br> 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$6,572.79**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 2016 through July 2016 @ $948.69 |
| Suspense Balance: | $68.04 |
| **Total Post-Petition Arrears** | **$6,572.79** |

2. Debtor shall cure said arrearages in the following manner;

    a). Beginning August 2016 and continuing through January 2017, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$948.69** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,095.47** towards the arrearages on or before the last day of each month;

    b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 25, 2016     By:   /s/ Joshua I. Goldman, Esquire
                              Joshua I. Goldman, Esquire
                              Attorneys for Movant
                              KML Law Group, P.C.
                              Main Number: (215) 627-1322

Date: 11/7/16

John L. McClain Esq.
Attorney for Debtor    Mitchell J. Prince ESQ.

Date: 9/28/16

Frederick L. Reigle Esq.
Chapter 13 Trustee

Approved by the Court this **16th** day of **November**, 2016. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Stephen Raslavich